UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA NEUBERT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:16-cv-00887-SEB-DKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

The motion of Petitioner Joshua Neubert for relief pursuant to 28 U.S.C. § 2255 challenged his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons explained, his motion for relief must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

Mr. Neubert was charged in an eight-count Indictment in No. 1:07-cr-00166-SEB-KPF-1, alleging multiple counts of Hobbs Act robbery in violation of 18 U.S.C. § 1915(a), (b)(1) and possessing and brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). Mr. Neubert entered into a plea agreement with the government, whereby he pleaded guilty to Counts 2 and 4 of the Indictment, both of which charged him with brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court accepted Mr. Neubert's plea. In accordance with the plea agreement, the Court sentenced Mr. Neubert to 7 years' imprisonment on Count 2 and 25 years' imprisonment on Count 4 to be served

consecutively, for an overall sentence of 32 years' imprisonment. The remaining counts were dismissed, and Judgment was entered on October 15, 2008.

Mr. Neubert appealed the judgment, but his appeal was dismissed by the Seventh Circuit. Several years later, on March 5, 2015, Mr. Neubert file a motion to vacate under 28 U.S.C. § 2255. The Court denied this motion on May 11, 2015.

Mr. Neubert filed a second § 2255 motion on March 11, 2016. This Court transferred it to the Seventh Circuit Court of Appeals for consideration as an application for authorization to file a second or successive § 2255 under § 2255(h). The Seventh Circuit granted Mr. Neubert authorization, stating: "Neubert says the offenses during which he brandished a gun no longer qualify as 'crimes of violence' because the similarly worded residual clause in § 924(c)(3)(B) is likewise unconstitutionally vague. Neubert makes a prima facie showing that his conviction is incompatible with *Johnson*." Dkt. 3 at 1. Based on that authorization, this action commenced, and Mr. Neubert, by counsel, filed the presently pending § 2255 motion raising his authorized *Johnson* claim.

*Discussion*

The Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Seventh Circuit recently summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct.

1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

Following *Johnson*, defendants across the country have challenged their convictions and sentences under statutes that have the same or similar language as the ACCA's residual clause, arguing that those statutes must likewise be unconstitutionally vague. Mr. Neubert raises one variant of this argument, challenging the residual clause found in § 924(c)(1)(A).

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

Mr. Neubert argues that his convictions for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), which are predicated on Hobbs Act robbery as the crime of violence, are no longer valid in light of *Johnson*. Specifically, Mr. Neubert argues that his Hobbs Act robbery, 18 U.S.C. § 1951, does not qualify as a crime of violence under the force clause and that *Johnson* invalidated any convictions under the residual clause. The United States disagrees with both of these positions.

After Mr. Neubert's § 2255 motion was fully briefed, the Seventh Circuit answered both of the legal questions disputed by the parties. The Seventh Circuit agreed with Mr. Neubert that *Johnson*'s holding extends to and therefore invalidates the residual clause in § 924(c)(3). *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, the Seventh Circuit

disagreed with Mr. Neubert's second argument, holding that Hobbs Act robbery constitutes a crime of violence under the force clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)). Therefore, even though *Johnson* invalidated § 924(c)(3)'s residual clause, Hobbs Act robbery remains a crime of violence under § 924(c)(3)'s force clause, and it therefore constitutes a valid predicate crime of violence for the purposes of Mr. Neubert's convictions. Mr. Neubert is thus not entitled to relief.

## *Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here, and thus a hearing is not warranted in this case.

## *Conclusion*

The foregoing circumstances show that Mr. Neubert is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:07-cr-00166-SEB-KPF-1.**

## **II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing*

*§ 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Neubert has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although two legal questions regarding Mr. Neubert's convictions were unresolved when the Seventh Circuit granted Mr. Neubert authorization to file a second § 2255 motion, the Seventh Circuit has since resolved those open questions. The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/30/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

David Jay Bernstein
LAW OFFICE OF DAVID JAY BERNSTEIN
david@djblawyers.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov