UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:07-cr-00166-SEB-KPF |
| JOSHUA NEUBERT, | ) -01 | |
| Defendant. | ) | |

**Entry Denying Motion to Reduce Sentence under the First Step Act**

In 2007, Defendant Joshua Neubert was charged with multiple counts of armed robbery, as well as brandishing a firearm in a robbery. Dkt. 20; Dkt. 82 at 3. In 2008, he pleaded guilty to and was convicted of two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Dkts. 36, 37, 39. The offenses were committed on July 2 and July 3, 2007, respectively. Dkt. 82 at 3. The other counts were later dismissed. Dkts. 48, 49, 50. On October 9, 2008, Mr. Neubert was sentenced to 384 months' imprisonment, representing 84 months (or 7 years) for the first count and 300 months (or 25 years) for the second count, to be served consecutively. Dkts. 47, 50. Judgment was entered on October 15, 2008. Dkt. 50. Mr. Neubert filed a motion for relief under 28 U.S.C. § 2255, but that motion was denied. Dkts. 60–62. The Seventh Circuit authorized a second § 2255 motion, but that motion was also denied, and the Seventh Circuit denied a certificate of appealability. Dkts. 65, 70, 73; *see also* Dkt. 75 at 1.

Mr. Neubert now seeks a sentence reduction in light of Section 403 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, (2018). For the reasons explained below, Mr. Neubert's motion to reduce sentence under the First Step Act, dkt. [76], is **denied.**

## Discussion

Mr. Neubert asks for a modification of the 25-year sentence he received for the second count of violating § 924(c). Dkt. 76. He contends that he is entitled to a sentence reduction based on § 403 of the First Step Act. *Id.* The United States responds that Mr. Neubert is ineligible for a sentence modification under § 403 because he was sentenced prior to the enactment of the First Step Act and § 403 is not retroactive. Dkt. 89.

The Court agrees with the United States. Mr. Neubert was convicted of two counts of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 50. When he was sentenced in 2008, 18 U.S.C. § 924(c)(1)(C)(i) (2006) provided, "In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years[.]" In 1993, the Supreme Court held in *Deal v. United States*, 508 U.S. 129, 131–37 (1993), that the 25-year mandatory minimum for a "second or subsequent conviction" attached not only when a defendant was convicted of an offense and was later convicted of another offense, but also when a defendant was convicted of multiple offenses in the same proceeding, like Mr. Neubert.

Signed into law on December 21, 2018, § 403 of the First Step Act—labeled "Clarification of Section 924(c) of Title 18, United States Code"—limited the application of § 924(c)(1)(C) by replacing "second or subsequent conviction under this subsection" with "violation of this subsection that occurs after a prior conviction under this subsection has become final." 132 Stat. at 5221–22; *see also United States v. Hunt*, 793 F. App'x 764, 766 (10th Cir. 2019). "Instead of automatically triggering a 25-year sentence for a second or subsequent § 924(c) conviction, § 403(a) of the First Step Act requires the existence of 'a prior [§ 924(c)] conviction . . . [that] has become final[.]'" *Hunt*, 793 F. App'x at 766 (quoting 132 Stat. at 5221–22 (First Step Act,

§ 403(a)). Thus, if Mr. Neubert had committed his crimes today, he would not have been subject to the mandatory 25-year minimum for the second offense because it was charged in the same indictment as the first. *See* dkt. 89 at 2.

But Section 403 also provides, "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222 (First Step Act, § 403(b)). That is, the statute's plain language makes clear that the change to § 403 was not retroactive. *See Hunt*, 793 F. App'x at 767; *United States v. Pearson*, No. 15-20457, 2020 WL 134130, at *3 (E.D. Mich. Jan. 13, 2020) (collecting cases concluding that § 403 does not apply if the defendant was sentenced prior to enactment of the First Step Act). Because Mr. Neubert committed his crimes in 2007 and was sentenced in 2008, before the First Step Act was enacted on December 21, 2018, § 403 does not provide him with any relief.

Mr. Neubert concedes that Congress "declined to make [§ 403 retroactive]," but argues that the Court should nonetheless apply its provisions retroactively because the section is titled "Clarification" and "the Judicial Branch has established as a principle, that when an amendment merely Clarifies a law rather than Substantively changes i[t], such Clarifications are retroactive." Dkt. 76 at 2. He also argues that Congress did not substantively change the law when it enacted § 403. Rather, he argues, Congress merely "clarified" what § 924(c)(1)(C) had always meant, rejected the holding of *Deal*, and demonstrated that § 924(c)(1)(C) was never intended to apply to defendants (like him) who were charged with multiple § 924 violations in a single indictment. Dkts. 85, 92.

Mr. Neubert's arguments fail. The "first step in interpreting legislation is the language that Congress employed, and it is well established that a court should not apply a newly enacted

§ 403(a)). Thus, if Mr. Neubert had committed his crimes today, he would not have been subject to the mandatory 25-year minimum for the second offense because it was charged in the same indictment as the first. *See* dkt. 89 at 2.

But Section 403 also provides, "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222 (First Step Act, § 403(b)). That is, the statute's plain language makes clear that the change to § 403 was not retroactive. *See Hunt*, 793 F. App'x at 767; *United States v. Pearson*, No. 15-20457, 2020 WL 134130, at *3 (E.D. Mich. Jan. 13, 2020) (collecting cases concluding that § 403 does not apply if the defendant was sentenced prior to enactment of the First Step Act). Because Mr. Neubert committed his crimes in 2007 and was sentenced in 2008, before the First Step Act was enacted on December 21, 2018, § 403 does not provide him with any relief.

Mr. Neubert concedes that Congress "declined to make [§ 403 retroactive]," but argues that the Court should nonetheless apply its provisions retroactively because the section is titled "Clarification" and "the Judicial Branch has established as a principle, that when an amendment merely Clarifies a law rather than Substantively changes i[t], such Clarifications are retroactive." Dkt. 76 at 2. He also argues that Congress did not substantively change the law when it enacted § 403. Rather, he argues, Congress merely "clarified" what § 924(c)(1)(C) had always meant, rejected the holding of *Deal*, and demonstrated that § 924(c)(1)(C) was never intended to apply to defendants (like him) who were charged with multiple § 924 violations in a single indictment. Dkts. 85, 92.

Mr. Neubert's arguments fail. The "first step in interpreting legislation is the language that Congress employed, and it is well established that a court should not apply a newly enacted

statutory provision retroactively unless Congress has clearly mandated such an extension." *Middleton v. City of Chicago*, 578 F.3d 655, 662 (7th Cir. 2009) (internal citations omitted). Here, Congress did not clearly mandate that § 403 be applied retroactively. To the contrary, the plain language of § 403 expressly provides that its terms do *not* apply retroactively. The fact that Congress used the word "clarification" in § 403's section heading does not change this result because "section headings cannot limit the plain meaning of a statutory text." *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883, 893 (2018); *see also Hunt*, 793 F. App'x at 767 (rejecting argument that "clarification" section label makes § 403 retroactive despite plain language providing that its terms are not retroactive).

To the extent that Mr. Neubert argues that § 403 should be construed as a "clarification" of § 924(c)(1)(C) and be applied retroactively for reasons other than the "clarification" label, his argument also fails. Mr. Neubert is correct that a clarifying amendment—as opposed to a substantive change in the law—is not "typically subject to a presumption against retroactivity." *Middleton*, 578 F.3d at 663. But "[i]t is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (internal quotation marks and quoted authority omitted). Here, the plain language of the statute provides that § 403 applies only prospectively. *See Hunt*, 793 F. App'x at 767 (rejecting argument that § 403 is retroactive based on plain language of statute). Mr. Neubert cites no cases holding that a court can overcome the plain language of a statute based on its own determination that the statute is a "clarification," as opposed to a substantive change.

Moreover, in *Hunt* the Tenth Circuit has rejected Mr. Neubert's argument that § 403 was a clarification rather than a substantive change. *See Hunt*, 793 F. App'x at 767. The Court agrees

with that conclusion. As explained, in *Deal*, the Supreme Court held that the 25-year mandatory minimum for a "second or subsequent conviction" attached when a defendant was convicted of multiple offenses in the same proceeding. 508 at 131–37. Given that holding, § 403 worked a substantive change to § 924. *See Hunt*, 793 F. App'x at 767 ("[Section] 403(a) of the First Step Act changed the substantive sentencing law for § 924(c) convictions by removing the automatic imposition of a 25-year sentence for a second or subsequent conviction . . . . [T]he First Step Act's amendments to § 924(c) were substantive, rather than clarifying.").

To the extent Mr. Neubert is arguing that § 403 was designed to restore the "original intent" of § 924 and reject the holding of *Deal*, the argument fails to establish that he is entitled to relief. Even if Congress was trying to restore the "original intent" of § 924 when it passed § 403, it plainly made relief prospective and barred relief for defendants like Mr. Neubert, who were sentenced before the First Step Act was enacted.

In his reply, Mr. Neubert—for the first time—also suggests that the Court can reduce his sentence based on "extraordinary and compelling reasons," as contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) because the sentence he would receive if his crimes were committed today (14 years) is "extraordinar[ily] less time" than he received in 2008 (32 years). Dkt. 92 at 6. A reduction under § 3582(c)(1)(A) requires that a defendant first make a request to the Bureau of Prisons and then file a motion after he has "fully exhaust[ed] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Neubert offers no suggestion or evidence that he has exhausted his remedies with the Bureau of Prisons. Regardless, a reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed

his crimes today is not an "extraordinary and compelling circumstance." Instead, it is what the plain language of § 403 requires.

Finally, in the supplement to his motion, Mr. Neubert directs the Court to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the trial judge asked the United States Attorney for the Eastern District of New York to consider exercising her discretion to agree to an order vacating two of the defendant's three § 924(c) convictions so that he could be resentenced without the onerous "stacking" provisions of § 924. *Id.* at 314–15. The United States Attorney agreed not to contest the defendant's motion to vacate two of the defendant's three § 924(c) convictions. *Id.* at 315. The court then vacated those convictions and resentenced the defendant, resulting in a significant sentencing reduction. *Id.* Mr. Neubert asks the Court to follow *Holloway* and "seek justice in his behalf by consulting with the United States Attorney to come to an agreeable remedy to the injustice flowing from [his] § 924(c) convictions" and to "seek agreement from the United States Attorney to vacate one of his 924(c) convictions." Dkt. 85 at 1, 6.

*Holloway* provides no relief for Mr. Neubert. The Court does not have the inherent authority to modify a sentence; instead, it requires a source of authority before it can act. *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases."); *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) ("A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act . . . ."). Mr. Neubert's reliance on *Holloway* takes him outside of the First Step Act and § 3582, leaving only 28 U.S.C. § 2255 as a possible avenue of relief. But, as the Court has explained to Mr. Neubert, he has already filed two motions under § 2255 and must request authorization from the Seventh Circuit before filing any additional such motions. *See* dkt. 75.

Even if Mr. Neubert did not need authorization from the Seventh Circuit to pursue this argument, it would fail. The *Holloway* court resentenced the defendant only because the United States Attorney agreed to vacate two of his three § 924(c) convictions. Here, the United States Attorney became aware of Mr. Neubert's request to vacate one of his § 924(c) convictions when he filed his supplement but chose to oppose his motion, dkt. 92, rather than agree to that request. As explained, the Court cannot vacate Mr. Neubert's convictions on its own.

For all these reasons, Mr. Neubert's motion to reduce his sentence under the First Step Act, dkt. [76], is **denied.**

**IT IS SO ORDERED.**

Date: 3/17/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Joshua Neubert
Reg. No. 08739-028
USP-Big Sandy
P.O. Box 2068
Inez, KY 41224