UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Cause No. 1:07-cr-00166-SEB-KPF | |
| | ) | |
| JOSHUA NEUBERT, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO**
**SECOND MOTION FOR COMPASSIONATE RELEASE**

Defendant Joshua Neubert is currently in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary – Big Sandy located in Inez, Kentucky. He asks this Court for immediate release from custody under the First Step Act. Specifically, Neubert contends that: 1) the First Step Act's reduction in mandatory minimum sentences under 18 U.S.C. § 924(c) should apply to him or otherwise constitutes an "extraordinary and compelling reason" for release under the First Step Act; 2) he has been rehabilitated; and 3) he needs "to be a father to his children." This Court should deny his motion.

# INTRODUCTION

On March 17, 2019, this Court denied Neubert's first motion for relief under § 403 of the First Step Act. (D. 93.) Neubert had claimed, among other things, that the sentence he received on his two convictions of 18 U.S.C. § 924(c) should be reduced based on "extraordinary and compelling reasons," as contemplated by 18 U.S.C. § 3582(c)(1)(A)(i). (D. 93 at 5; D. 76, 85.) This Court rejected that claim noting that

> Mr. Neubert offers no suggestion or evidence that he has exhausted his administrative remedies with the Bureau of Prisons. Regardless, a reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would have received if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead it is what the plain language of § 403 requires.
>
> * * *
>
> The Court does not have the inherent authority to modify a sentence; instead, it requires a source of authority before it can act. *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases."); *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) ("A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act . . . .").

(D. 93 at 5-6.)

Undeterred, on June 9, 2020, after the warden denied his request for release, Neubert filed a second motion seeking compassionate release under § 403 of the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i). (D. 98.) Neubert

contends that he should be released because 1) his original sentence is too severe based upon recent changes in law, (D. 98 at 3-4, 9); 2) he has been rehabilitated, (*I*d. at 2-3, 10); and, 3) he needs "to be a father to his children," (*Id*. at 3, 10).

The Court should deny Neubert's motion. This Court correctly rejected Neubert's claim when it denied his earlier 2019 First Step motion. (D. 93.) First, he cannot obtain compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the length of the mandatory sentences he received for violations of § 924(c) in relation to the terms that would be applied under current law. The First Step Act is not retroactive and its reduction in mandatory sentences under § 924(c) does not constitute an "extraordinary and compelling reason" for release from prison. *United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624 (S.D. Ind. Mar. 17, 2020). Thus, the Court lacks authority to grant Neubert the relief he seeks.

Second, Neubert's release cannot be squared with the factors of 18 U.S.C. § 3553(a). His prison disciplinary history, when viewed in the context of his violent offenses, suggests he may still pose a danger to the community. And, given the nature and circumstances of his crimes, Neubert should serve out his sentence to reflect the seriousness of his offense, protect the public, promote respect for the law, and provide just punishment for his conduct.

## BACKGROUND

### *Neubert's Criminal Conduct*

In the summer of 2007, Neubert and his accomplice girlfriend, Desiree Smith, went on a robbery spree. (D. 82, PSR ¶¶ 15-22.) Neubert purchased a Bryco 9mm pistol to use in the robberies. (*Id.* ¶ 19.) Smith drove Neubert to the victim stores, waited in the van while Neubert committed the robberies, and acted as getaway driver after Neubert completed the robberies. (*Id.* ¶ 21.) For his part, Neubert entered the stores with the pistol loaded and wearing a mask. (*Id.*) Inside, he pointed his gun at the cashiers and demanded the money in the cash registers. (*Id.* ¶ 15.)

The robbery spree came to an end on July 6, 2007, when Neubert and Smith were apprehended following the robbery of a gas station. (*Id.*) While officers were taking Smith into custody, Neubert moved from the passenger side of the van into the driver's seat, put the vehicle in gear and sped off. Officers pursued Neubert until he exited the vehicle after coming to a dead end road and took off on foot. Eventually he was apprehended by the pursuing officers. (*Id.* ¶¶ 15-17.)

All told, Neubert and Smith robbed approximately 18 businesses. (*Id.* ¶ 22.) Neubert said that he used the stolen money to support his family and his drug habit. (*Id.* ¶¶ 21, 27, 61.) Neubert was 28 years old at the time of

4

his arrest. His criminal history shows several incidents of stealing and drug abuse which began in his early teens. (*Id*. ¶¶ 33-38.)

### *The Charges, Guilty Pleas, and Sentencing*

Neubert was charged in an eight-count Indictment that alleged multiple counts of Hobbs Act robbery in violation of 18 U.S.C. § 1915(a), (b)(1) and possessing and brandishing a firearm in relation to a crime of violence under § 924(c). (D. 20.)

Neubert entered into a plea agreement with the government, whereby he pleaded guilty to Counts 2 and 4 of the Indictment, both of which charged him with brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (D. 36, 37.) The Court accepted Neubert's plea. (D. 39.) In accordance with the plea agreement, the Court sentenced Neubert to seven years' imprisonment on Count 2, and 25 years' imprisonment on Count 4, to be served consecutively, for an overall sentence of 32 years' imprisonment. (D. 47-50.) The remaining counts were dismissed, and Judgment was entered on October 15, 2008. (*Id*.)

### *Neubert's Post-Conviction Conduct*

While incarcerated Neubert has committed several disciplinary infractions. (Exhibit A, Disciplinary Record.) Twice in July 2019, Neubert possessed "drugs/alcohol," and in October 2019 he used alcohol. (*Id*.) He was sanctioned in August 2019 for fighting with another person, and sanctioned

in October 2019 for threatening bodily injury. (*Id.*) He was sanctioned five other times; three times in 2015 and two times in 2017. (*Id.*)

On a more positive note, it appears Neubert has fulfilled his restitution obligation. (Exhibit B, Restitution Payment Record.)

## **DISCUSSION**

### I. Neubert Has Exhausted His Administrative Remedies

On June 9, 2020, Neubert filed a motion requesting release under the First Step Act for "extraordinary and compelling circumstances," which the Court construed as a Motion for Compassionate Release pursuant to the First Step Act of 2018. Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court recently held that the exhaustion requirement is not jurisdictional and can be waived by the government. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, D. 66 at 4–5 (S.D. Ind. Apr. 21, 2020).

Here, Neubert's request for compassionate release was dated April 28, 2020 and received by the warden on May 5, 2020. (Exhibit C, Warden's

Denial of request for release.)[1] The warden denied the request on June 8, 2020. (Exhibit A at 1.) Neubert does not state that he sought to appeal the warden's denial.

Nevertheless, because 30 days have lapsed since the warden received Neubert's administrative request on May 5, 2020, Neubert has exhausted his administrative remedies as required by § 3582(c)(1)(A). *See United States v. Sanders*, No. 3:06-cr-00023-RLY-WGH-01, D. 25 at 2 (United States noting that the applicable BOP Program Statement permits a defendant to file a request for a reduction in sentence with his sentencing court upon the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility).

II. **This Court Has Correctly Held that Section 403 of the First Step Act Is Not Retroactive and Cannot Itself Be An "Extraordinary and Compelling Reason" for Release**

This Court rejected the very arguments Neubert presents in his second motion when it denied his first motion for relief. (D. 93.) Neubert again contends that § 403's reduction in mandatory consecutive sentences under 18 U.S.C. § 924(c) should apply to him. Pub. L. No. 115-391, 132 Stat. 5194, 5221–22 (2018). He argues that the difference between the sentence he received and the sentence he would receive had he committed his crimes

---

[1] The warden's response identifies Neubert's response as being dated May 4, 2020, however the request is dated April 28, 2020. (Exhibit A at 5.)

today constitutes an "extraordinary and compelling reason" for compassionate release under § 3582(c)(1)(A)(i). (D. 98 at 3-4, 6.)

This Court considered and rejected this argument in Neubert's first motion for relief under the First Step Act. (D. 93.) With respect to retroactivity—this Court held that § 403's "plain language makes clear that the change to § 403 was not retroactive." (*Id.* at 2 (citing cases).)[2] In other words, § 403 "plainly made relief prospective and barred relief for defendants like Mr. Neubert, who were sentenced before the First Step Act was enacted." (*Id.* at 3.)[3]

---

[2] The pertinent part of Section 403 reads as follows: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222 (First Step Act, § 403(b)).

[3] *See also United States v. Cruz-Rivera*, 954 F.3d 410 (1st Cir. 2020); *United States v. Hodge*, 948 F.3d 160 (3d Cir. 2020) (holding that § 403 of the Act does not apply retroactively in a case in which a sentence was imposed before the Act was passed, even if another non-924(c) part of the sentence was modified after the passage of the Act); *United States v. Jordan*, 952 F.3d 160, 171-74 (4th Cir. 2020); *United States v. Richardson*, 948 F.3d 733, 745-53 (6th Cir. 2020) (on remand from the Supreme Court for consideration of the application of the First Step Act, the court holds that § 403 does not apply retroactively to a § 924(c) sentence imposed before the Act was passed, even if a direct appeal remains pending); *United States v. Hamilton*, -- F. App'x --, 2020 WL 362943, at *2 (9th Cir. Jan. 22, 2020) (not precedential); *United States v. Hunt,* 793 F. App'x 764 (10th Cir. 2019) (not precedential); *Willingham v. United States*, -- F. App'x --, 2020 WL 1053098 (11th Cir. Mar. 4, 2020) (denying motion to file successive 2255 petition); *United States v. Buckner*, -- F. App'x --, 2020 WL 1527727, at *6 n.12 (11th Cir. Mar. 31, 2020) (not precedential).

With respect to the argument that the difference in sentences before and after Section 403's enactment constitute an "extraordinary and compelling reason" for compassionate release—this Court rejected that too. (*Id*.) The Court correctly concluded that such an argument would amount to an end-around § 403's clear non-retroactivity provision: "[A] reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead, it is what the plain language of § 403 requires." (*Id*.)

And, of course, Congress was well aware of how to apply changes in sentencing laws retroactively. It did so in § 404 of the First Step Act, when it authorized full retroactive application of Sections 2 and 3 of the Fair Sentencing Act of 2010. 132 Stat. at 5222.

Moreover, the compassionate release provision that Neubert seeks to invoke here, 18 U.S.C. § 3582(c)(1)(A)(i), is limited to "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." And, non-retroactive changes in sentencing laws like § 403 are not included in the Sentencing Commission's policy statements.

To elaborate, Congress directed the Sentencing Commission to determine the permissible grounds for compassionate release. 28 U.S.C.

9

§ 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered and extraordinary and compelling reason."); *see also* 28 U.S.C. § 994(a)(2)(C) (directing the Sentencing Commission to adopt policy statements regarding "the appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c) of title 18"). And, in a slightly different context, the Supreme Court held that such Sentencing Commission policy statements are binding on courts when considering reductions in sentences under 18 U.S.C. § 3582. *Dillon v. United States*, 560 U.S. 817, 827 (2010) (holding that policy statements are binding when considering sentencing reduction based on retroactive guidelines amendment under 18 U.S.C. § 3582(c)(2)).

For relief under § 3582(c)(1)(A)(i), the relevant Sentencing Commission policy statement is at U.S.S.G. § 1B1.13. The term "extraordinary and compelling reasons" is defined in Application Note 1 to that Guideline:

(A) Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[4]

Neither the policy statement nor the BOP regulation provides any basis to countermand § 403's clear non-retroactivity provision and grant for compassionate release based on changes in sentencing laws. *See United States v. Saldana*, -- F. App'x --, 2020 WL 1486892 (10th Cir. Mar. 26, 2020) ("[N]either the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify postsentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction.").

### III. Neubert Has Not Otherwise Shown an "Extraordinary and Compelling Reason" for Release

Neubert also argues that his rehabilitation and family circumstances constitute "extraordinary and compelling" reasons to justify his release. (D. 98.) He states that he needs to be a father to his children and support them.

As the Court is well-aware, while a federal court generally "may not modify a term of imprisonment once it has been imposed," § 3582(c)(1)(A)(i)

---

[4] Consistent with Application Note 1(D) (the "catch all" provision), BOP promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, was amended effective January 17, 2019, to set forth its evaluation criteria. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases identified by the Sentencing Commission: medical condition, age, and family circumstances.

12

affords the Court authority to reduce a term of imprisonment if certain criteria are met:

> [T]he court . . . may reduce the term of imprisonment . . . [1] after considering the factors set forth in section 3553(a) to the extent that they are applicable, [2] if it finds that extraordinary and compelling reasons warrant such a reduction . . . and [3] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

§ 3582(c)(1)(A)(i) (insertions added); *see United States v. Curry*, 2:06-cr-00011-JRS-CMM, Dkt. No. 77, at 7-8 (S.D. Ind. May 21, 2020).

Neubert bears the burden of proving these criteria are met. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). And, as such terminology makes clear, compassionate release should be granted only in rare, indeed "extraordinary," cases.[5]

The relevant Sentencing Commission policy statement defining "extraordinary and compelling reasons" was discussed above. U.S.S.G.

---

[5] *E.g.*, *United States v. Willis*, 382 F. Supp. 3d 1185, 1188–89 (D.N.M. 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. May 9, 2019) and citing *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020 at *3 (W.D.N.C. Mar. 5, 2019); *United States v. Gutierrez*, No. CR 05-0217-RB, 2019 WL 1472320 at *2 (D.N.M. Apr. 3, 2019); *United States v. Casey*, No. 1:06-cr-00071, 2019 WL 1987311 at *1 (W.D. Va. May 6, 2019) (all denying this "extraordinary" relief)).

13

§ 1B1.13 app n. 1. That policy statement does not include rehabilitation or the family circumstances articulated by Neubert. *Id.* at app n. 1(A). As noted, "[r]ehabilitation of the defendant alone shall not be considered and extraordinary and compelling reason." § 994(t). And, an inmate's desire "to be a father to [one's] children" and "support" them is not identified in the policy statement as a potential "extraordinary and compelling reason," absent other criteria which Neubert does not claim. *See* U.S.S.G. § 1B1.13 app n. 1(C) (pertaining to "family circumstances" involving caring for minor children where defendant would be the only caregiver). Here, Neubert's rehabilitation is questionable and certainly not extraordinary. Further, it appears that each of Neubert's children has a caregiver.

1. **Neubert's Rehabilitation Is Not Extraordinary or Compelling**

Neubert's presentence investigation report details his long history of thievery. (D. 82.) His federal crimes involved robbing various convenience stores, gas stations, and hotels at gun point. Neubert robbed at least eighteen businesses in a two-week period. (D. 82 at ¶¶ 15-22.) Neubert claimed he used the stolen money to support his drug habit and his family. (*Id.* at ¶ 21.)

Neubert's disciplinary record suggest that he still has a propensity for substance abuse and violence. Twice in July 2019, Neubert possessed "drugs/alcohol," and in October 2019 he used alcohol. (*Id.*) He was

sanctioned in August 2019 for fighting with another person, and sanctioned in October 2019 for threatening bodily injury. (*Id.*) While Neubert has participated in some prison programming, (Exhibit D, Inmate Profile), his participation has not been extraordinary and is overshadowed by his disciplinary record.

   **2. Neurbert's Family Circumstances Are Not Extraordinary or Compelling**

Nor are Neubert's family circumstances extraordinary or compelling. Neubert has four children ranging in age from 13 years old to 17 years old. (D. 98-2 at 1.) His co-defendant, Desiree Smith is the mother to two of his children. (D. 82. at ¶ 55.) He also had a child with Ashlei Gingrich, and a child with Jess Nye. (*Id.* at ¶56.) All the children appear to have an appropriate caregiver who is a relative. (*Id.* at ¶¶ 55-56; D. 98-2.)

Neubert also does not state or provide any evidence that he has a strong or consistent relationship with any of his children. Nor has Neubert submitted any statements from his children or mothers on his behalf. In fact, at the time of his federal conviction, Neubert's father reported that Neubert's youngest child, then three years of age, "does not know the defendant very well" and "does not ask about him." (*Id.* at ¶¶ 55.)

Furthermore, Neubert's long struggle with addiction and his citations for the use of drugs or alcohol as recent as October 2019 cast doubt on his

15

abilities as a caregiver. *United States v. Collins*, CCB-14-169, 2020 WL 3266556, at * 2 (D. Maryland June 15, 2020) (denying compassionate release for purpose of caring for a minor where defendant struggled with addiction and received citations for the use of drugs or alcohol while incarcerated, committed armed robberies, and had a criminal record).

\* \* \*

In short, Neubert has not established an "extraordinary and compelling reason" for his release. His motion should be denied on that basis alone.

## IV. Neubert's Release Cannot be Squared with the § 3553 factors or His Risk to the Community

Even if Neubert were able to establish extraordinary and compelling reasons, he should remain in prison because he poses a danger to the community and his immediate release is insufficient to effectuate the purposes of sentencing outlined in 18 U.S.C. § 3553(a). *See Curry*, 2:06-cr-00011-JRS-CMM, Dkt. No. 77, at 9 (finding an extraordinary and compelling reason "does not, however, end the analysis because the statute also directs the Court to consider the sentencing factors in 18 U.S.C. § 3553(a)").

### 1. Neubert Still Poses a Danger to the Community and § 3553(a) Requires that he Serve Out the Sentence Imposed

The Sentencing Guidelines policy statement outlined in § 1B1.13 provides that the defendant must prove that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3553."

As the Court is fully aware, § 3553 requires the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence, the need for just punishment and to promote respect for the law, among other factors. *Id.* There is no reason to deeply explore the analysis of such factors—this Court has done it during sentencing hearings countless times. The following analysis is drawn from the PSR.

The first factor involves the nature and circumstances of the offenses. Neubert, with the assistance of his then girlfriend, committed the armed robberies, all of which involved brandishing a loaded firearm. While no one was seriously injured during the robberies, his action could have easily seriously injured or even killed someone.

Another factor is the history and characteristics of the defendant. In this case, Neubert's criminal history is extensive. He was mostly in juvenile detention centers or in prison from the ages of 13 to 21. (D. 82 ¶¶ 33-36, 51.) He has an extensive history of theft-related offenses. (*Id.* ¶¶ 29-48.) In his mid-20's he was convicted of forgery, theft by deception, access device fraud,

and receiving stolen property.  (*Id*. ¶¶ 37, 38.)   He was 28 years old when he pleaded guilty to the armed robbery charges resulting in the sentence he is now serving.

Furthermore, whether incarcerated or not, Neubert has shown a propensity for substance abuse and violence.  (D. 82 at ¶¶ 18, 21, 33, 61, 62; Exhibit A.)  His "robust criminal history, beginning at the age of 13, undermines [his] argument that his likelihood of recidivism is anything but high."  *United States v. Johnson*, No. 2:12-cr-00336-JAD-CWH, 2020 WL 2430936, at * 4 (denying compassionate release based on defendant's criminal history and violent offense of armed robbery).  In addition, his disciplinary record and inmate profile suggest a high risk for recidivism.  (Exhibits A and D.)  On this record, there is little confidence that Neubert would be law-abiding upon his release.

The societal factors listed in § 3553 include the seriousness of the danger that the defendant's release would pose to the community, deterrence, and the need to promote respect for the law and provide just punishment also counsel in favor of him finishing his sentence as it was originally imposed.

The danger he poses to the community at large is itself a sufficient basis to deny Neubert's motion. *See United States v. Stuyvesant*, 2020 WL 1865771, at *7 (S.D. Fla. Apr. 14, 2020) (denied even assuming that the defendant suffers from end-stage renal disease; he is a repeat drug offender

who committed offenses while suffering from the same condition); *United States v. Belle*, 2020 WL 2129412 (D. Conn. May 5, 2020) (notwithstanding asthma, denied due to history of violence and firearms offenses); *United States v. Cochran*, 2020 WL 2092836 (N.D. Ind. May 1, 2020) (defendant is blind and wheelchairbound, but relief denied due to his criminal history). Adding to that is the need to deter armed robberies with firearms.

## CONCLUSION

For the foregoing reasons, this Court should deny the Neubert's motion for compassionate release, (D. 98), with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Brian.Reitz@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 26, 2020, a copy of the foregoing was filed electronically and that a copy was mailed the following business day, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Joshua Neubert
Reg. No. 08739-028
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Brian.Reitz@usdoj.gov