UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cr-00166-SEB-KPF |
| ) | |
| JOSHUA NEUBERT, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Joshua Neubert's motion for modification of term of imprisonment, dkt. 98, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Mr. Neubert asks the Court to reduce his sentence of imprisonment to time served and grant his immediate compassionate release. For the reasons explained below, Mr. Neubert's motion is **DENIED.**

**I.**
**BACKGROUND**

Mr. Neubert pled guilty in 2008 to two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Dkts. 36, 37, 39. The Court sentenced Mr. Neubert to consecutive prison terms of 84 and 300 months, for a total of 384 months (32 years). Dkts. 47, 50. He is projected to be released in April 2035. Dkt. 102-4.

This is not Mr. Neubert's first motion seeking a sentence reduction under the FSA. In June 2019, Mr. Neubert sought relief based on a change in the law under which he was sentenced. Dkt. 76. In 2008, a defendant convicted of two violations of § 924(c) faced a minimum prison sentence of 25 years for the second violation. 18 U.S.C. § 924(c)(1)(C)(i) (2006); *Deal v. United*

*States*, 508 U.S. 129, 131–37 (1993). In 2018, Congress passed § 403 of the FSA and clarified that the 25-year minimum applies only if the second § 924(c) offense occurs after the first conviction becomes final. 132 Stat. at 5221–22.

Because both of Mr. Neubert's § 924(c) convictions were charged in the same indictment, he would not face the 25-year minimum if sentenced today. Nevertheless, the Court denied Mr. Neubert's first FSA motion on March 17, 2020. Dkt. 93. As the Court explained, § 403 does not apply retroactively to afford relief to defendants sentenced under earlier versions of § 924(c). *Id.* at 3–5.

Mr. Neubert also argued that § 403's change to § 924(c) constitutes an extraordinary and compelling reason that would justify the Court in reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court rejected this argument:

> [A] reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed his crimes today is not an "extraordinary and compelling circumstance." Instead, it is what the plain language of § 403 requires.

*Id.* at 5–6.

Mr. Neubert filed a second motion seeking a sentence reduction under the FSA on June 9, 2020. Dkt. 98. In his second motion, Mr. Neubert renews his argument that § 403's change to the § 924(c) sentencing structure presents an extraordinary and compelling reason for a sentence reduction. He also argues, for the first time, that his steps toward rehabilitation present an extraordinary and compelling basis for relief.

## II.
### LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors

set forth in section 3553(a) to the extent that they are applicable." However, the Court may do so only "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)–(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This Court has held that it possesses the discretion to determine what qualifies as extraordinary and compelling for purposes of the catchall provision. *See United States v. Quintanilla*, No. 3:00-cr-00025-RLY-MPB-1, Dkt. 72 at 5–6 (S.D. Ind. July 7, 2020). There is no dispute that, if Mr. Neubert qualifies for compassionate release, he does so under the catchall provision.

### III.
### ANALYSIS

The Court need not revisit Mr. Neubert's sentencing-disparity argument. The Court has already ruled that the new approach to second or successive convictions under § 924(c) does not create an extraordinary or compelling reason to modify Mr. Neubert's sentence. He has not identified any change to the law in the short months since the Court so ruled. Accordingly, the Court again finds that § 403's alteration to the § 924(c) sentencing scheme is not an extraordinary and compelling reason to modify Mr. Neubert's sentence.

Mr. Neubert's second proposed extraordinary and compelling circumstance—his progress toward rehabilitation—also falls short of justifying a sentence modification. Congress has directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction. 28 U.S.C. § 994(t). Moreover, the Court does not find Mr. Neubert's progress toward rehabilitation to date is compelling even if considered in combination with other factors. Mr. Neubert has been convicted of seven disciplinary violations in the last three years alone. Dkt. 102-1. Four of these offenses were for possessing or using drugs or alcohol, and another two were for fighting and threatening. *Id.* Mr. Neubert has presented evidence of many positive steps toward rehabilitation, including completion of educational courses, degree programs, and work assignments. *See* dkts. 98-1, 105-1, 105-2. When combined with his disciplinary record, however, evidence of Mr. Neubert's rehabilitation does not contribute positively toward a finding of extraordinary and compelling grounds for a sentence reduction.

## IV.
### CONCLUSION

For the reasons stated above, Mr. Neubert's motion for modification of sentence, dkt. [98], is **denied**.

**IT IS SO ORDERED.**

Date:   8/11/2020

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joshua Neubert
Reg. No. 08739-028
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
matthew.rinka@usdoj.gov